Contracts; sweety; rights of. — Plaintiff, a bonding company, furnished performance and payment bonds under the Miller Act, 40 U.S.C. § 270a-e, for a contractor in connection with a contract between the contractor and the United States for the construction of a project at Loring Air Force Base, Maine. Subsequent to the furnishing of the bonds, the contractor executed an assignment in favor of the Rockland Trust Company of Rockland, Massachusetts, third-party plaintiff herein. The contractor failed to pay certain laborers, materialmen, and subcontractors whom plaintiff is now obligated to pay. Plaintiff brings suit to recover $20,590.76 representing the retained percentage withheld by the United States under the contract. The United States has pleaded a setoff or counterclaim against the plaintiff and the receiver for the contractor for unpaid Federal tax liabilities under the contract in the amount of $11,687.72 plus interest. The case comes before the court on the motion of the plaintiff-surety to dismiss the defendant’s affirmative defense of setoff or counterclaim and plaintiff has also moved for summary judgment. Defendant does not contest plaintiff’s right to the retained percentages but insists that it is entitled to offset from that amount the contractor’s tax liability to the defendant. Upon consideration of plaintiff’s motions, together with the opposition of the defendant, the court noted that the third-party plaintiffs had filed no responses to plaintiff’s motions and that the times for doing so under the rules of the court had expired. Without oral argument the court concluded that on the basis of United *1270 States v. Munsey Trust Co., 332 U.S. 234 (1947), plaintiff’s motion to dismiss defendant’s affirmative defense of setoff or counterclaim must be denied, that on the basis of Pearlman v. Reliance Insurance Co., 371 U.S. 132 (1962), plaintiff is entitled to recover on that portion of its motion for summary judgment referred to as a partial summary judgment for retained percentages less defendant’s setoff or counterclaim, and that the third-party plaintiffs are not entitled to recover. On January 17,1966, the court ordered that plaintiff’s motion to dismiss defendant’s affirmative defense of setoff or counterclaim be denied, that plaintiff’s motion for summary judgment be granted in part as indicated above, and that the case be returned to the trial commissioner for further proceedings pursuant to Rule 47 (c) (2). On May 31, 1966, the plaintiff’s petition for a writ of certiorari was denied, 384 U.S. 961.